IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MELISA GONZALEZ, et al.,            )
                                    )
Plaintiffs,                         )
                                    )
v.                                  )      Case No. 06-2163-KHV
                                    )
PEPSICO, INC., et al.,              )
                                    )
Defendants.                         )

## MEMORANDUM AND ORDER

This matter comes before the court on defendants' Joint Motion to Stay Discovery Pending Resolution of Motion to Dismiss and to Bifrucate Class Certification Discovery (Doc. 64). Plaintiff has filed a response to the present motion (Doc. 67) to which defendants have filed a timely reply (Doc. 68). The issues are therefore fully briefed and ripe for discussion.

**A.    Staying Discovery.**

The decision to stay discovery is firmly vested in the sound discretion of the trial court.[1] However, the Tenth Circuit has warned that "'the right to proceeding in court should not be denied except under the most extreme circumstances.'"[2] To that end, as a general rule, courts in the District of Kansas do not favor staying pretrial proceedings even though dispositive motions are pending.[3] However, it is appropriate to stay discovery pending resolution of a dispositive motion where "the case is likely to be finally concluded as a result of the ruling thereon; where

---

[1] *Kutilek v. Gannon,* 132 F.R.D. 296, 297 (D. Kan. 1990).

[2] *Afshar v. Unites States Dep't of State*, No. 06-2071, 2006 U.S. Dist. LEXIS 52435, at *2 (D. Kan. July 18, 2006)(citing *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt.*, Inc., 713 F.2d 1477, 1484 (10th Cir. 1983)).

[3] *Wolf v. U.S.,* 157 F.R.D. 494, 494 (D. Kan. 1994).

the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[4]

"Another major exception to this policy is made when the party requesting the stay has filed a dipsoitive motion asserting absolute or qualified immunity."[5] While defendants cite several cases in the District of Kansas dealing with this exception,[6] the present case does not deal with issues of absolute or qualified immunity. Accordingly, the court will not consider this exception.

### 1.  Defendants have not shown that the instant case will likely be concluded as a result of a ruling on the dispositive motion.

Defendants urge the court to stay discovery until the district court rules on defendants' joint Motion to Dismiss. To stay discovery, defendants must prove that they are *likely* to prevail on the dispositive motion. As detailed below, the court believes defendants have not met this burden.

Defendants bring their motion to dismiss on several premises. First, defendants argue that plaintiffs' second amended complaint has no legal justification because federal benzene standards do not apply to soft drinks. However, plaintiffs argue that this is immaterial if plaintiffs can illustrate that defendants have breached the implied warranty of merchantability under Kansas law, as delineated by K.S.A. 84-2-314. Plaintiffs contend that the fact the federal

---

[4] *Kutilek,* 132 F.R.D. at 298; *Wolf,* 157 F.R.D. at 494.

[5] *Afshar*, 2006 U.S. Dist. LEXIS 52435, at *2.

[6] *See* Memorandum in Support (Doc. 65) at p. 7 (citing *Dahl v. City of Overland Park*, 2002 U.S. Dist. LEXIS 13465 (D. Kan. July 8, 2002; *Molina v. Christensen*, No. 00-2585-CM, 2002 U.S. Dist. LEXIS 700, at *3 (D. Kan. Jan. 18, 2002)).

Food and Drug Administration (FDA) has not yet applied benzene standards to soft drinks does not preclude plaintiffs from suing defendants for a breach of an implied warranty if the goods are not fit for their ordinary purpose, do not pass without objection in the trade, if the goods are inadequately packaged, or if the goods do not conform to the promises or affirmations made on the container or label.[7]  Thus, defendants have not successfully argued that the pending motion to dismiss will likely dispose of the case on that issue.

Second, defendants argue that plaintiffs cannot sue defendants for breach of warranty because defendants are manufacturers and therefore there is no privity to bring forth such a warranty claim.  Plaintiffs, however, note that under the Kansas Consumer Protection Act, "no breach of warranty with respect to property subject to a consumer transaction shall fail because of a lack of privity between the claimant and the party against whom the claim is made."[8]  Thus, the court is not persuaded that defendants' motion to dismiss will likely prevail on this issue.

The court does not presume that the trial court will deny defendants' motion to dismiss. Rather, solely for the purposes of the present motion, the court finds that defendants have failed to demonstrate that they will *likely* prevail on their pending dispositive motion.

### 2. In the present case additional discovery would not impact the pending motion to dismiss.

In deciding a motion to stay discovery, the court also considers whether the non-moving party needs to use discovery in order to establish facts to defend the dispositive motion. Defendants argue that plaintiffs have no need for discovery in order to defend against defendants' motion to dismiss.

---

[7] K.S.A. 84-2-314.

[8] K.S.A. 50-639.

Plaintiffs acknowledge that the motion to dismiss has already been fully briefed and that no further discovery is needed in relation to the motion.  However, plaintiffs argue that if the court were to construe defendants' motion to dismiss as a 12(b)(6) summary judgment motion, then more discovery would be needed.  In that event, plaintiffs contend the facts considered by the court would go beyond the face of the complaint and thus further discovery would be warranted.  In response, defendants argue that additional discovery is unnecessary even if the court converts their motion into a summary judgment motion because defendants' motion does not controvert any specific facts in plaintiffs' second amended complaint.

The court believes that it is unlikely additional discovery as to defendants' pending dispositive motion is necessary.  However, the court is mindful that a party needs "a sufficient opportunity to develop a factual base for defending against a dispositive motion."[9]  Further, the court must consider the general rule which strongly cautions against staying discovery.  Thus, out of an abundance of caution, and in its discretion, the court will not stay discovery in the present case simply because the pending motion to dismiss may not need further discovery.

### 3. Discovery would not be wasteful and burdensome.

In determining whether to grant or deny a motion to stay discovery, courts also consider whether discovery into the complaint in its entirety would be wasteful and burdensome. However, defendants fail to argue, and the court does not believe, plaintiffs' Second Amended Complaint is so broad that discovery on all issues would be burdensome and wasteful.[10]

---

[9] *Kutilek,* 132 F.R.D. at 298.

[10] *Kutilek,* 132 F.R.D. at 298; *Wolf,* 157 F.R.D. at 494.

Considering defendants' failure to meet any exception to the general rule against staying discovery, the court finds that staying discovery in the present case is not warranted.

**B.     Bifurcation of Class Certification and Merits Discovery.**

Case law in the Tenth Circuit and the District of Kansas offers little guidance as to what the court should consider when determining whether to bifurcate class certification and merits discovery in a would-be class action case. Courts in the District of Kansas have bifurcated class certification and merits discovery. However, such courts have done so pursuant to their ability to control discovery and not based on evaluating a motion to bifurcate.[11]

There is some debate regarding the efficiency, or lack thereof, of bifurcating class certification discovery from merits discovery.

> Often, however, bifurcating discovery in this manner will be counterproductive. Discovery relating to "class issues" is not always distinguishable from other discovery. Moreover, the key question in class certification is often the similarity or dissimilarity of the claims of the representative parties to those of the class members—an inquiry that may require some discovery on the "merits" and development of the basic issues. Nor will discovery into matters affecting other members of the putative class necessarily be wasted if a class is not certified, for in many cases this information will be valuable as circumstantial evidence.[12]

However, there are certain cases where delineating between the elements of discovery may be useful:

---

[11]*See e.g.*, *Carpenter v. Boeing Co.*, 223 F.R.D. 552, 554 (D. Kan. 2004) ("Discovery was conducted in phases, beginning with the class certification issue."); *Thompson v. Jiffy Lube Int'l, Inc.*, 2007 U.S. Dist. LEXIS 13078 at *2-3 (D. Kan. February 21, 2007)(same); *In re Arethane Antitrust Litig.*, 2007 U.S. Dist. LEXIS 3905 at * 26 (D. Kan. January 17, 2007)("At this state of the case, the only question is whether any of the proposed discovery is relevant to a class certification issue. This is because the district court judge has established a bifurcated discovery process that permits–at least in this phase of the lawsuit–discovery on issues related to class certification only.").

[12] 3 Newberg on Class Action § 9:44 (4th Ed. 2006).

>Discovery relevant only to the merits delays the certification decision and may ultimately be unnecessary. Courts often bifurcate discovery between certification issues and those related to the merits of the allegation. Generally, discovery into certification issues pertains to the requirements of Rule 23 and tests whether the claims and defenses are susceptible to class-wide proof; discovery into the merits pertains to the strength or weaknesses of the claims or defenses and tests whether they are likely to succeed. There is not always a bright line between the two. Courts have recognized that information about the nature of the claims on the merits and the proof that they require is important to deciding certification. Arbitrary insistence on the merits/class discovery distinction sometimes thwarts the informed judicial assessment that current class certification practice emphasizes.[13]

As a general rule,

>Allowing some merits discovery during the precertification period is generally more appropriate for cases that are large and likely to continue even if not certified. On the other hand, in cases that is unlikely to continue if not certified, discovery into aspects of the merits unrelated to certification delays the certification decision and can create extraordinary and unnecessary expense and burden.[14]

Therefore, in deciding whether to bifurcate merits discovery from class certification discovery, the court will consider the potential impact a grant or denial of certification would have upon the pending litigation.

Plaintiffs seek merit discovery relating to defendants' notice of benzene in their products as well as the existing standards regarding benzene content in soft drinks.[15] Specifically, plaintiffs assert that in defendants' Fed. R. Civ. P. 26(a)(1) disclosures, defendants should disclose:

(1) When the defendants first became aware of the presence of benzene in any of their products;

---

[13] Manual for Complex Litigation (4th) § 21.14 (2006).

[14] *Id.*

[15] Response (Doc. 67) at p. 5-6.

6

(2) What communications, if any, did defendants receive from the American Beverage Association or any other trade organization concerning benzene in beverages;

(3) What testing have the defendants done or had done concerning the presence of benzene in beverages; and

(4) What changes have the defendants made in the ingredients or formulation of their products to prevent the formation of benzene.[16]

In turn, defendants argue that merits discovery should be bifurcated until the court decides on the issue of plaintiffs' subject matter jurisdiction, or lack thereof, in federal courts. Defendants premise this assertion on plaintiffs' jurisdiction under the Class Action Fairness Act (CAFA), codified in 28 U.S.C. § 1332(d)(2). Under CAFA, a district court has jurisdiction over any action where there is more than $5,000,000 in controversy and permits plaintiffs to aggregate their respective amounts in controversy to reach this jurisdictional minimum.[17] If plaintiffs' motion for class certification were denied then plaintiffs would lose jurisdiction under CAFA and would need to meet general diversity jurisdiction requirements to maintain federal jurisdiction or risk dismissal of the case.[18]

Although it is true that failure to reach jurisdictional minimums under CAFA and ordinary diversity jurisdictions risks dismissal of the suit, defendants ignore the fact that plaintiffs' suit could be brought in another forum where the merits based discovery would be equally as relevant. Thus, delaying such discovery while the court decides a series of legal issues would only postpone what could be a lengthy discovery period. Therefore, the court denies defendants' Motion to Bifurcate Class Certification Discovery. Accordingly,

---

[16] Plaintiffs' Memorandum in Opposition to Defendants' Joint Motion to Stay Discovery and to Bifurcate Class Discovery, Doc. 67, at 5-6.

[17] 28 U.S.C. § 1332(d)(2) (2006).

[18] *See McGaughey v. Treistman,* Slip Copy, 2007 WL 24935 No. 05 Civ. 7069(HB) (S.D.N.Y. Jan. 4, 2007).

**IT IS THEREBY ORDERED** that defendants' Joint Motion to Stay Discovery Pending Resolution of Motion to Dismiss and To Bifurcate Class Certification Discovery (Doc. 64) is denied.

**IT IS FURTHER ORDERED** that pursuant to Fed. R. Civ. P. 16(b), the court hereby sets this case for a scheduling conference by telephone on **May 14, 2007 at 2:30 p.m.** The court will initiate the telephone conference call. All attorneys who have entered an appearance in accordance with D. Kan. Rule 5.1(d) shall be available for the conference call at the telephone numbers listed in the pleadings.

**IT IS FURTHER ORDERED** that pursuant to Fed. R. Civ. P. 26(f), no later than **April 30, 2007**, the parties, in person and/or through counsel, shall confer to discuss the nature and basis of their claims and defenses, to discuss the use of mediation or other methods of alternative dispute resolution (ADR), to develop a proposed discovery plan, and to make or arrange for the disclosures required by Fed. R. Civ. P. 26(a)(1).

At this planning conference, the parties shall also discuss deadlines relating to class certification.  <u>Specifically, the parties shall discuss the deadline by which plaintiffs shall file their opening briefs in support of their motion for class certification and the deadline for defendants' response.  The district court shall set a date, if any, by when the motion for class certification shall be ready for hearing.  In the event such a hearing is necessary, the parties shall discuss the deadline by which the parties shall serve witness and exhibit disclosures regarding the class certification hearing.</u>  In crafting these deadlines, the parties are instructed to consider D. Kan. R. 23.1.

By **May 7, 2007** plaintiffs shall submit a completed report of the parties' planning conference to the undersigned magistrate judge.  The report shall follow the report form posted on the court's website:

*(http://www.ksd.uscourts.gov/forms/wpforms/StdForm35.wpd)*.  It shall be submitted electronically in .pdf format as an attachment to an Internet e-mail sent to *ksd_sebelius_chambers@ksd.uscourts.gov*, and **shall not be filed with the Clerk's Office**.

In addition to matters covered in Fed. R. Civ. P. 16(b) and (c) and the class certification scheduling matters discussed above, the parties shall be prepared to discuss the following matters at the scheduling conference:

(1) The items listed in the report of parties' planning conference.

(2) The extent to which the parties intend to serve disclosures and discovery electronically, as permitted by D. Kan. Rules 5.4.2 and 26.3.

(3) How disclosure or discovery of ESI should be handled.

(4) How claims of privilege or of protection as trial-preparation material asserted after production will be handled.

(5) Whether a limited amount of discovery would enable the parties to present substantive issues for the court's resolution that would narrow the scope of remaining discovery.

(6) Whether potential dispositive motions could be presented for the court's determination at the earliest appropriate opportunity.

(7) Whether documents should be exchanged without formal discovery requests in

order to facilitate settlement, to avoid unnecessary expense, etc.

(8)     All potentially dispositive issues.

(9)     The setting of definite dates for the final pretrial conference and trial.

(10)    Consent to trial before a U.S. Magistrate Judge, either at this time or as a backup if the assigned U.S. District Judge determines that his or her schedule is unable to accommodate the scheduled trial date.  The parties should note that magistrate judges may preside over jury trials. Withholding consent will have no adverse substantive consequences but may delay the trial of the case.

**IT IS SO ORDERED**.

Dated this 11th day of April, 2007, at Topeka, Kansas.


                                                                          s/ K. Gary Sebelius
                                                                          K. Gary Sebelius
                                                                          U.S. Magistrate Judge